ESTATE OF SUSAN L. PLISKE, DECEASED, FAYRA V. NICHOLS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Pliske v. Commissioner
Docket No. 35008-84.
United States Tax Court
T.C. Memo 1986-311; 1986 Tax Ct. Memo LEXIS 298; 51 T.C.M. (CCH) 1543; T.C.M. (RIA) 86311; July 24, 1986. David J. Duez, for the petitioner. Matthew J. Fritz, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent, by a statutory notice dated August 8, 1984, determined a deficiency of $201,932.78 in Federal estate tax due from the Estate of Susan L. Pliske. The sole issue for our consideration is whether *299 various farmland owned by decedent at the date of her death can be specially valued pursuant to section 2032A [1] where there is a remote possibility that the farmland may not pass to a "qualified heir" if there is a failure of decedent's lineal descendants. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by reference. Susan L. Pliske (decedent), a domiciliary of the State of Illinois, died on December 27, 1980. She was survived by Fayra Nichols (sister), Thyra Plass (daughter), Marc Plass (grandson), Lucie Plass (granddaughter) and Justin Plass (grandson's child). Sister was duly appointed "executor" of decedent's estate and, as a representative of petitioner herein, resided in Green Valley, Illinois, at the time the petition in this case was filed. Petitioner timely filed an estate tax return with the Internal Revenue Service *300 Center, Kansas City, Missouri, on which she elected section 2032A, special use valuation of five separate tracts of farmland, which are the subject matter of this proceeding. Respondent determined that decedent's estate was not entitled to specially value the farmland because all of the successive interests in the farmland would not necessarily pass to "qualified heirs." [2] Respondent contends that the five tracts of farmland must be included in the decedent's estate at fair market value on the day of her death. Respondent has also determined that the fair market value reported by petitioner for two of the tracts was somewhat less than respondent's determination of the fair market value at the time of decedent's death. Respondent otherwise agrees that all other statutory and regulatory requirements have been met with respect to this estate. The following schedule reflects the number of acres, *301 the fair market value reported by petitioner, the fair market value determined by respondent and the section 2032A special valuation reported by the estate: Estate of Susan L. Pliske
Tract
Number
Fair Market Value
Fair Market Value
Special Valuation
Number
of Acres
Reported by Estate
Determined by Resp.
Reported by Estate
1
158.08
$237,670
$260,832
$77,150
3
32.30
44,260
48,450
17,750
5
160.00
291,540
291,540
122,200
6
80.00
83,760
83,760
30,550
7
155.00
144,400
144,400
59,200
Totals
585.38
$801,630
[3] $828,982
[4] $306,850
Decedent's interests in the five tracts of farmland passed to her sister, child, grandchildren and great-grandchild in successive life interests with remainders to the grandchildren. It was only in the event that decedent's line of lineal descendants failed that the property would pass *302 to Shriners Hospital for Crippled Children located at Chicago, Illinois, a devisee which was not a "qualified heir" within the meaning of section 2032A(e)(1). Under the terms of decedent's will and first codicil, the property was to pass into a trust, with the sister as trustee, and the net income from the trust was to be paid to decedent's daughter for life. Upon the daughter's death, the property was to be divided into three separate trusts with distributions as follows: (1) The net income from Trust One was to be paid to decedent's sister for life and then to decedent's grandson for his support, education and maintenance until he was 25 years old and then he was to receive the net income for any purpose whatsoever until he was 45, whereupon he would receive all accumulated income and the corpus of the trust. If the grandson failed to survive, the corpus and accumulated income of Trust One was to go into Trust Two. (2) The net income of Trust Two was to go to decedent's granddaughter for support, education and maintenance until her 25th birthday, whereupon she was to be paid all of the net income from the trust until her 45th birthday, at which time the accumulated income and *303 corpus was to be distributed to the granddaughter. If the granddaughter did not survive, the net income was to go in equal shares to her children and their proportionate share of the trust income and corpus was to be distributed to them at age 25. If there were no children of the granddaughter, the contents of Trust Two would go into Trust One. (3) The net income of Trust Three was to be distributed equally for purposes of support, education and maintenance to the grandchildren of decedent until they should reach the age of 32, at which time they would receive their distributive share of the income and corpus of Trust Three. If either of the grandchildren did not survive, then their share would go to their children, and if neither had children, the surviving grandchild would take all. Trust Three was to terminate when the granddaughter reached her 42nd birthday.(4) In the event that Trusts One, Two and Three terminated due to the death of all beneficiaries, the will provided for a gift over to the Shriners Hospital for Crippled Children, Chicago, Illinois. The following schedule shows the date of birth of decedent's sister and lineal descendants: Relation to
Susan L. Pliske
Name
Date of Birth
Sister
Fayra Nichols
Oct. 30, 1894
Daughter
Thyra Plass
Apr. 8, 1914
Grandson
Marc Plass
Feb. 6, 1959
Granddaughter
Lucie Plass
Dec. 8, 1963
Great-grandson
Justin Plass
May 17, 1980
*304 The probability as of December 27, 1980, that none of decedent's lineal descendants or her sister would survive for a period of 15 years was .000116 percent. The probability that the children's hospital would receive the gift over for failure of a "qualified heir" was, with respect to the three trusts, no more than .008098 percent and no less than .002817 percent. Section 2032A permits the valuation, for estate tax purposes, of real property used for "farming purposes" on the basis of actual use rather than at the fair market value for the highest and best use. Two recent Court reviewed opinions have considered section 2032A, section 20.2032A-8(a)(2), Estate Tax Regs., the use of successive interests in conveying the special use property to "qualified heirs," the effect of a gift over to a recipient who is not a "qualified heir" and the effect of a special power appointment on a "qualified heir" upon an estate's election of special use valuation. Estate of Davis v. Commissioner, 86 T.C.     (June 11, 1986); Estate of Clinard v. Commissioner, 86 T.C.     (June 11, 1986). In both Davis and Clinard, we found that section 20.2032A-8(a)(2), Estate Tax Regs. *305 , was invalid to the extent that it would prohibit the testamentary disposition of property to "qualified heirs" where the testamentary scheme had provided for the possibility of a default in heirs by means of a gift over to a charitable beneficiary. We find the facts of this case to be no different from those in Davis and Clinard. By way of comparison, the Davis case presented a situation where the probability that none of the decedent's descendants would survive his three children so as to permit the trust property to pass to the contingent remainder beneficiaries (who were "qualified heirs") was only .0152 percent. The facts of this case reflect percentages that are even more persuasive in the taxpayer's favor because the probability is smaller -- ranging between .002817 percent and .008098 percent, depending upon which of the three trusts is being considered. The facts in this case reflect that this estate and its beneficiaries are entitled to the relief provided for in section 2032A. To the extent that section 20.2032A-8(a)(2), Estate Tax Regs., has been invalidated in the Davis and Clinard cases, the way has been cleared for this petitioner to obtain the *306 relief Congress intended. We note that the parties chose not to file briefs in this case because of its similarity to both Davis and Clinard.
To reflect the foregoing, Decision will be entered for the petitioner.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of the decedent's death, and all references to the rules are to the Rules of Practice and Procedure of the United States Tax Court.↩
2. Sec. 2032A(e)(1) defines "qualified heir" as a member of the decedent's family. Sec. 2032A(e)(2) defines "member of the family" as a decedent's ancestor or lineal descendant, a lineal descendant of a decedent's grandparent, decedent's spouse or the spouse of any such descendant.↩
3. Petitioner agrees to respondent's determination of increased fair market values on tracts 1 and 3. ↩
4. Respondent has not questioned the amount of petitioner's special use valuations under sec. 2032A.↩